UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY APPERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13 CV 35 RWS |
| ) | |
| AUTO OWNERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Larry Apperson filed this action in Audrain County, Missouri, seeking a declaration that Defendant Auto Owners Insurance Company owes him underinsured motorist benefits. Defendant removed this action from state court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks remand of this action on several grounds and dismissal of defendant's affirmative defenses and counterclaim. For the reasons explained below, the motion to remand will be denied and the motion to dismiss will be granted in part and denied in part.

*Background*

On January 6, 2012, Apperson was a passenger in a car accident that occurred in Audrain County, Missouri. Apperson filed suit in state court against the driver of the car, Wayne Pruitt. Prior to filing suit, Apperson notified his insurer, Defendant Auto Owners Insurance Company, of the accident and requested a copy of his insurance policy. (Doc. 1-3, p. 66-68). After filing suit, Apperson sent Auto Owners a copy of the petition. (Doc. 1-3, p. 69-79).

On October 22, 2012, Apperson received a judgment against Pruitt in the amount of $2,500,000.00. (Doc. 1-3, p. 80-82). Apperson collected $100,000.00 from the Pruitt, which was the limit of his liability coverage. Apperson then made a claim to Auto Owners under the underinsured

1

motorist insurance provisions of his policy.  (Doc. 1-3, p. 83-86).  Auto Owners refused to pay Apperson's underinsured motorist claim.

On March 14, 2013, Apperson filed an action against Auto Owners in the Circuit Court of Randolph County, Missouri, seeking a declaration that Auto Owners owed him underinsured motorist coverage.  On April 19, 2013, Auto Owners removed the action to this Court based on diversity jurisdiction.  Additionally, Auto Owners raised affirmative defenses and brought a counterclaim seeking a declaratory judgment that it is not required to pay Apperson underinsured motorist benefits.  Auto Owners' affirmative defenses and counterclaim allege that Apperson violated the "consent to settle" provision in Apperson's policy, which reads as follows: "We will not be bound by any judgments for damages obtained or settlements made without our written consent if such judgment or settlement adversely affects our rights."

*Discussion*

    I.    **Motion to Remand**

    A. **Rooker-Feldman Doctrine**

Apperson argues that the Rooker-Feldman doctrine requires that I remand this action.  The Rooker-Feldman doctrine deprives lower federal courts of jurisdiction to review state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The doctrine also deprives lower federal courts of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in state court.  Id. at 482 n.16.  A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

While it is true that this Court lacks jurisdiction to review the underlying state court judgment, here Auto Owners is only seeking "a declaration that Plaintiff breached the consent to settle provision in the policy such that no coverage is available under the policy." (Doc. 17, p. 9).  Because granting Auto Owners' requested relief would not effectively reverse or void the state court's decision, the Rooker-Feldman does not deprive this Court of jurisdiction.  Id. at 983.  As a result, I will deny Apperson's motion for remand on this ground.

### B.  McCarran-Ferguson Act

Next, Apperson argues that 28 U.S.C. § 1332, the federal statute granting district courts diversity jurisdiction, is in conflict Section 375.906 of the Missouri Revised Statutes,[1] and therefore the McCarran-Ferguson Act deprives this Court of jurisdiction over this matter.   The McCarran-Ferguson Act seeks to "preserve state regulation of the activities of insurance companies." 15 U.S.C. § 1012(b).  Despite the abundance of insurance disputes regularly removed from Missouri state courts to federal court, I am aware of no case, and Apperson has cited no case, which addresses the purported conflict between 28 U.S.C. § 1332 and § 375.906.  Most likely there exists no such case because 28 U.S.C. § 1332 does not conflict with § 375.906.

Because § 375.906 does not, as Apperson argues, prohibit an insurance action filed in state court from being removed to federal court, I will deny Apperson's motion for remand on this ground.

### C.  Case or Controversy Requirement

Apperson argues that this case must be remanded because Auto Owners' counterclaim does not present an actual case or controversy required for federal jurisdiction under the Federal Declaratory Judgment Act.  This argument is meritless, as I clearly have jurisdiction over Apperson's petition for

---

[1] The purpose of § 375.906 is to ensure that a foreign insurer doing business in Missouri can served process in Missouri.  See Moore v. Christian Fidelity Life Ins. Co., 687 S.W.2d 210, 213 (Mo. App. 1984).  This purpose was accomplished in the instant case.

declaratory judgment (unless, of course, Apperson concedes that his own claims are not ripe for adjudication).  Accordingly, I will deny Apperson's motion for remand on this ground.

### D.  28 U.S.C. § 1332(c)(1)

Apperson also argues that this Court does not have diversity jurisdiction because 28 U.S.C. § 1332(c)(1) requires that Auto Owners be deemed a citizen of citizen of Missouri.  Section 1332(c)(1) provides: "In any direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen."  A "direct action" under § 1332(c)(1) refers to actions authorized by statute in some states in which an injured party can sue a tortfeasor's insurer without joining the tortfeasor.  See Home Indemn. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974).  This case is not a "direct action" under § 1332(c)(1) because Apperson is suing his own insurer, not the insurer of a third-party tortfeasor.  See Mazurkiewicz v. Country Mut. Ins. Co, No. 4:11CV2089 RWS, 2012 WL 10833, at *1 (E.D.Mo. Jan. 3, 2012); Brown–Woods v. Safeco Ins. Co. of Ill., 2010 WL 2671494, at *2 (E.D.Mo. Jun. 30, 2010); Antonacci v. State Farm Mut. Auto. Ins. Co., No. 4:05–CV–2173–CAS, 2006 WL 568344, at *1 (E.D.Mo. Mar. 7, 2006).  Because Auto Owners is not deemed to be a citizen of Missouri, there is complete diversity between the parties.  I will deny Apperson's motion for remand on this ground.

## II.  Motion to Dismiss

### A. Auto Owners' Affirmative Defenses

Auto Owners' Affirmative Defense D asserts that it is not bound by the underlying state court judgment because that judgment was the result of collusion between Apperson and Pruitt. Auto Owners' Affirmative Defense E asserts that it is not bound by the underlying state court judgment because that judgment is unreasonable and not a judgment "on the merits."  These affirmative defenses

are problematic for two reasons.  First, as explained above, the Rooker-Feldman doctrine deprives this Court of jurisdiction to review state court judgments. <u>Charchenko</u>, 47 F.3d at 983.  Second, reviewing the underlying state court judgment would be inconsistent with the doctrine of collateral estoppel.  <u>See</u> <u>State ex rel. Shelton v. Mummert</u>, 879 S.W.2d 525, 528 (Mo. 1994) ("if notice is given and [the insurer] chooses not to intervene, it will be bound by the resulting judgment as to liability and damages.").

To the extent that Auto Owners' Affirmative Defenses D and E require a review of the underlying state court judgment, I am without jurisdiction to consider them and they will be dismissed.  However, Auto Owners maintains that it does not seek to challenge the state court's judgment; rather it seeks "a declaration that Plaintiff breached the consent to settle provision in the policy such that no coverage is available under the policy." (Doc. 17, p. 9).  Auto Owners will be permitted to raise this argument as an affirmative defense.

### B.  Auto Owners' Counterclaim

Similarly, Auto Owners' counterclaim seeks a declaration that it owes no underinsured motorist benefits to Apperson because he breached the insurance contract by failing to obtain Auto Owners' consent before entering into an agreement with Pruitt.  Apperson argues that Auto Owners' counterclaim must be dismissed because it does not present a case or controversy.  The Declaratory Judgment Act provides that a federal court may grant declaratory relief in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201.

In support of his motion to dismiss, Apperson argues that the purpose of "consent to settle" clauses is to protect the insurer's right to subrogation. <u>See</u> <u>Mazzocchio v. Pohlman</u>, 861 S.W.2d 208, 211 (Mo. Ct. App. 1993) ("'Right to consent' clauses are designed to prevent the insured from entering into a settlement agreement which will impair the insurer's right to subrogation.").  Apperson claims that Auto Owners' rights to subrogation are not ripe for adjudication.  <u>See</u> <u>Seeck v. Ceico General Insurance</u>

Company, 21 S.W.3d 129, 135 (Mo. 2007) (noting that an insurer's right to subrogation arises when it has paid the insured for a covered loss).  Furthermore, Apperson contends that Auto Owners' counterclaim must be dismissed because it fails to show prejudice.  See Tegtmeyer v. Snellen, 791 S.W.2d 737, 740 (Mo. Ct. App. 1990) (before an insurer "can totally escape liability under its policy regarding the violation of the condition of consent, it must appear that it was prejudiced.").

Here, however, Auto Owners contends that it was prejudiced because the alleged settlement left Auto Owners potentially liable for the amount in excess of what Pruitt's insurer paid.  While Missouri courts have explicitly recognized that "consent to settle" clauses are valid because they serve the purpose of protecting the insurer's subrogation rights, many courts have recognized that these clauses also protect the insurer against the possibility of collusion between its insured and the tortfeasor at the expense of the insurer.  See, e.g., State Farm Mut. Auto Ins. Co. v. Fennema, 110 P.3d 491, 494 (N.M. 2005); State Farm Mut. Auto Ins. Co. v. Green, 89 P.3d 97, 102 (Utah 2003); Lambert v. State Farm Mut. Auto. Ins. Co., 576 So.2d 160, 164 (Ala.1991); Silvers v. Horace Mann Ins. Co., 378 S.E.2d 21, 27 (N.C. 1989).  Excessive settlements are not necessarily the product of collusion for a deceitful purpose, but potentially the result of a self-interested tortfeasor who stipulates to a large settlement in order to obtain release from liability knowing that he will never be obligated to pay.  See Gulf Ins. Co. v. Noble Broadcast, 936 S.W.2d 810, 816 (Mo. 1997).  The threat of excessive settlements is one reason Missouri courts will review settlements for reasonableness.  Id.  Here, Auto Owners alleges that Apperson and Pruitt reached a settlement far in excess of Pruitt's policy limits without Auto Owners' consent.  If Auto Owners is able to prove that Apperson and Pruitt reached a settlement, then it may be able to demonstrate that it was prejudiced by Apperson's failure to obtain its consent to the settlement.  As a

result, Auto Owners will be permitted to argue that it does not owe Apperson underinsured motorist benefits because Apperson breached the consent to settle provision of the policy.[2]

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Larry Apperson's motion to remand [#18] is **DENIED**.

**IT IS HEREBY ORDERED that** Plaintiff Larry Apperson's motion to dismiss [#11] is **GRANTED** in part and **DENIED** in part. Auto Owners' Affirmative Defenses D and E are dismissed. Auto Owners' counterclaim is dismissed to the extent it requires a review of the underlying state court judgment.

                                                  _____
                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2013.

---

[2] Auto Owners' counterclaim contends that the underlying state court judgment is unreasonable and the product of collusion. As stated above, I will not entertain challenges of the validity or reasonableness of the underlying state court judgment. This Court has jurisdiction to determine whether Auto Owners owes Apperson underinsured motorist benefits by reference to the facts and the language of the insurance policy itself.