UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LARRY APPERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13 CV 35 RWS |
| ) | |
| AUTO OWNERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant Auto Owners Insurance Company's motion for leave to file a third-party complaint out of time.  Auto Owners' third-party claim seeks a declaratory judgment that it has a right to subrogation against Wayne Pruitt, the tortfeasor in the underlying action, in the event it is determined to owe coverage to Plaintiff Larry Apperson.  Apperson opposes this motion and the issue is fully briefed.  For the reasons set out below, I will grant Auto Owners' motion.

Apperson argues that Auto Owners' third party claim is not ripe for adjudication.  As a general rule, an insurance company acquires no subrogation interest in the claim of an insured until payment to the insured is made.  See Seek v. Ceico General Insurance Company, 21 S.W.3d 129, 135 (Mo. 2007).  However, Auto Owners maintains that it is not seeking a subrogation recovery at this time, rather it is asking this Court to declare its subrogation rights against Pruitt in the event it is determined to owe coverage to Apperson.  Because the action already pending will determine whether Auto Owners owes coverage to Apperson, Auto Owners' subrogation claim is not hypothetical, and the contingent nature of the obligation does not bar Auto Owners from seeking declaratory relief.  See, e.g., Metayer v. PFL Life Ins. Co., 30 F.Supp.2d 57 (D.Me.

1998) ("a declaratory judgment that a right to subrogation exists or does not exist may issue before liability of the insurer to the insured is established." (citing Allendale Mut. Ins. Co. v. Kaiser Engineers, Div. of Henry J. Kaiser Co., 804 F.2d 592 (10th Cir. 1986))). Thus, an actual controversy exists between Auto Owners and Pruitt as required by Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

Apperson also argues this Court cannot exercise supplemental jurisdiction over Auto Owner's third-party claim under 28 U.S.C. § 1367 because doing so would destroy diversity jurisdiction under 28 U.S.C. § 1332. Pruitt, like Apperson, is a citizen of Missouri. Although it does not appear that the Eight Circuit Court of Appeals has addressed the issue of whether a defendant's assertion of a third-party claim against a non-diverse defendant who is not indispensable would destroy diversity jurisdiction, other courts have found "that 'plaintiff' in [28 U.S.C. 1367] refers to the original plaintiff in the action—not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." Ubben v. Saunder Woodworking Co., No. C05-3043-PAZ, 2006 WL 1285104 (N.D.Iowa May 10, 2006) (quoting State Nat'l Ins. Co. v. Yates, 391 F.3d 577, 580 (5th Cir. 2004)). I am persuaded by this reasoning. Because Pruitt is not an indispensable party to the original controversy between Apperson and Auto Owners, the addition of Pruitt as a third-party defendant does not destroy diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Auto Owners Insurance Company's motion for leave to file a third-party complaint out of time is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2013.