UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 2:13 CV 35 RWS |
| WAYNE PRUITT, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant Wayne Pruitt's motion to dismiss Plaintiff Auto-Owners Insurance Company's complaint for lack of jurisdiction. For the reasons stated below, I will deny Defendant's motion.

## Procedural Background

On January 6, 2012, Larry Apperson, the original plaintiff in this action, was a passenger in a car accident that occurred in Audrain County, Missouri. Apperson filed suit in state court against the driver of the car, Wayne Pruitt. Prior to filing suit, Apperson notified his insurer, Auto-Owners Insurance Company, of the accident and requested a copy of his insurance policy. After Apperson filed his action against Pruitt, he sent Auto-Owners a copy of the petition.

On October 22, 2012, Apperson received a judgment against Pruitt in the amount of $2,500,000.00. Apperson and Pruitt entered into an agreement whereby Apperson collected $100,000.00 from the Pruitt, which was the limit of Pruitt's liability coverage. Apperson then made a claim to Auto-Owners under the underinsured motorist insurance provision of his policy, which Auto-Owners refused to pay.

1

On March 14, 2013, Apperson filed an action against Auto-Owners in the Circuit Court of Randolph County, Missouri, seeking a declaration that Auto-Owners owed him underinsured motorist coverage. On April 19, 2013, Auto Owners removed the action to this Court based on diversity jurisdiction. Additionally, Auto-Owners raised affirmative defenses and brought a counterclaim seeking a declaratory judgment that it is not required to pay Apperson underinsured motorist benefits.

On October 30, 2013, I granted Auto-Owners leave to file a third-party complaint against Pruitt. On November 6, 2013, Auto-Owners file a third-party complaint against Pruitt seeking a declaratory judgment of its subrogation rights against Pruitt in the event it is determined to owe coverage to Apperson.

After Auto-Owners filed its complaint against Pruitt, Auto-Owners and Apperson settled their claims on December 6, 2013. Auto-Owners agreed to pay Apperson $500,000.00 under the underinsured motorist insurance provision of his policy, and it has since satisfied this obligation. On December 13, 2013, I dismissed all claims and counterclaims between Auto-Owners and Apperson. Auto-Owners' third-party complaint against Pruitt remains pending.

On December 23, 2013, Auto Owners filed an amended complaint against Pruitt. Pruitt now moves to dismiss Auto-Owners complaint.

**Discussion**

Auto-Owners' amended complaint seeks subrogation recovery against Pruitt for the payment it has made to Apperson. Pruitt correctly argues that a subrogation action is generally brought in the name of the subrogor. Kroeker v. State Farm Mut. Auto. Ins. Co., 466 S.W.2d 105, 110–11 (Mo. App. 1971). Under Missouri law, the insured is generally the party in interest

in a subrogation action. See Hagar v. Wright Tire & Appliance Inc., 33 S.W.3d 605, 610 (Mo. App. 2000).

However, Missouri courts have contemplated allowing an insurer to bring a subrogation action in its own name where the tortfeasor has consented to the splitting of the cause of action against him and the potential of an unjust double recovery by the insured does not exist. See Marshall v. Northern Assur. Co. of America, 854 S.W.2d 608 (Mo. App. 1993. Here, Apperson reduced his claim against Pruitt to a final judgment in state court. After receiving judgment, Apperson entered into an agreement with Pruitt whereby Apperson collected $100,000.00 from Pruitt, an amount less than Pruitt's full liability as a result of the judgment. The agreement released Pruitt from his full liability without Auto-Owners' consent. Auto-Owners contends that because Pruitt was aware of Auto-Owners' subrogation interest at the time he reached this agreement, Pruitt consented to the splitting of the cause of action against him. See Dickhans v. Missouri Property Ins. Placement Facility, 705 S.W.2d 104 ( Mo. App. 1986) ("[I]t would be patently unjust to permit a third party tortfeasor, with knowledge of an insurer's subrogation interest, to settle with the insured for less than the wrongdoer's full liability, and become thereby insulated against the insurer's right of action.").

I am persuaded by Auto-Owners' argument. The circumstances of this case resemble those in Marshall, where the court held:

> [I]f a third party tort-feasor, with knowledge of an insurer's right of action as subrogee, and without the consent of the insurer, settles with the insured, the insurer's right to proceed against such tort-feasor is not affected. In such case, the primary wrongdoer, and not the insured, should repay the insurer. Whatever rights the insurer had against the tort-feasor prior to the settlement, the insurer still has.

Marshall, 854 S.W.2d at 612 (citations omitted). Because Auto-Owners has paid Apperson pursuant to the underinsured motorist provision of the policy, Auto-Owners is entitled to attempt

to recover that amount from Pruitt. Id. Apperson has fully released Pruitt, so the potential of an unjust double recovery by Apperson does not exist. Any recovery in the present action will belong to Auto-Owners to reimburse it for the amount it paid the Apperson. Under such circumstances, Auto-Owners is entitled pursue a subrogation action in its own name. Dickhans, 705 S.W.2d at 107 ("[Insurer] may proceed in its own name against [tortfeasor] in a separate action after making payments to its insured.").

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion to dismiss [#46] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2014.